GERANDO M. HANCHETT and others *vs.* ROBERT C. JORDAN and Wife.

April 11, 1890.

Contract—Delivery on Sunday.—*Held* there was evidence to justify a particular instruction, correct as an abstract proposition of law.

Plaintiffs brought this action in the district court for St. Louis county, praying (among other things) that a written assignment by defendant Robert C. of his interest in a land contract, be reformed by inserting plaintiffs' names as assignees.   The writing bore date October 11, 1888, and one ground of defence was that it was executed and delivered on Sunday.   At the trial of this issue, before *Holland*, J., (acting for a judge of the 11th district,) one of the plaintiffs, Frank G. Stevens, testified that the assignment and the note it was given to secure were made and delivered to him on Thursday, but further testified to the effect that it was understood that the matter should rest until his partner, the plaintiff Hanchett, should arrive on the following Sunday, as the witness did not wish to accept such security on his own account, or to act without Hanchett's consent.   The court instructed the jury, among other things, (plaintiffs excepting,) that "any paper affecting real estate takes effect from its delivery.   If you find that this paper was executed and left with the plaintiffs, and that any contingency was to take place before it was to go into effect, and find that that contingency contemplated took place on Sunday, then the paper was executed on

Sunday, and has no force whatever." The defendants had a verdict, and the plaintiffs appeal from an order refusing a new trial.

*White & Reynolds,* for appellants.

*S. D. Allen,* for respondents.

GILFILLAN, C. J.   The instruction to the jury upon which the assignments of error are based is conceded to be correct as a proposition of law, the only objection to it being that, as there was no evidence in the case to which it could be applicable, it might mislead the jury.   There was, however, evidence in the testimony of the plaintiff Stevens from which the jury might have found that the delivery of the paper on Thursday, testified to by him, was not regarded by the parties as a final delivery, made with intent that the paper should go into effect by reason of it, but that the consummation of the delivery was postponed to abide the result of the conference with the plaintiff Hanchett, agreed to be had and in fact had on Sunday.   This being the case, the instruction was proper.

Order affirmed.